# SEALED

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSE ANGEL SERRANO,<br>a.ka. "El Joey,"<br><br>Defendant. | Case No.:  '21  MJ1569<br><br>COMPLAINT FOR VIOLATION OF:<br><br>18 U.S.C. § 922(g)(1) - Felon in Possession of Firearms;<br>21 U.S.C. § 841(a)(1) – Possession of Methamphetamine with Intent to Distribute;<br>21 U.S.C. § 841(a)(1) – Possession of Cocaine with Intent to Distribute;<br>18 U.S.C. § 924(c)(1)(A)(i) – Possession of a Firearm in Furtherance of a Drug Trafficking Crime;<br>Title 18 U.S.C. § 922(k) – Possession of Firearm with Obliterated Serial Number<br>Title 26, U.S.C., §§ 5861(d) and 5871 – Possession of an Unregistered Firearm |

The undersigned Complainant, being duly sworn, states:

Count One

On or about March 16, 2021, within the Southern District of California, defendant Jose Angel SERRANO, having been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess firearms that traveled in and affected interstate commerce, to wit: (1) a Springfield, model XD45, .45 ACP caliber pistol, bearing serial

number US60713; (2) a Samozaryadny Karabin sistemy Simonova (SKS), 7.62mm caliber rifle; (3)  a Marlin, .30-30 Winchester caliber lever action rifle, bearing an obliterated serial number; and (4) a F1 Firearms, model AR, .223 Remington caliber rifle,  bearing serial number 110-01197; all in violation of Title 18, United States Code, Section 922(g)(1).

## Count Two

On or about ~~May 15,~~ ~~2020,~~ March 16, 2021, within the Southern District of California, defendant Jose Angel SERRANO, did knowingly and intentionally possess, with intent to distribute, 50 grams and more, to wit: 370 grams (13 ounces) of methamphetamine (actual), a Schedule II controlled substance; in violation of Title 21, United States Code, Section 841(a)(1).

## Count Three

On or about March 16, 2021, within the Southern District of California, the defendant Jose Angel SERRANO, did knowingly and intentionally possess with the intent to distribute, 500 grams and more, to wit: approximately 2,615 grams (5.75 pounds), of a mixture and substance containing a detectable amount of cocaine, a Schedule II Controlled Substance; in violation of Title 21, United States Code, Section 841(a)(1).

## Count Four

On or about March 16, 2021, within the Southern District of California, defendant Jose Angel SERRANO, during and in relation to a drug trafficking crime for which defendants may be prosecuted in a court of the United States, namely, possession of a controlled substance with the intent to distribute, the crime charged in Counts 2 and 3, did knowingly possess firearms, that are: (1) a Springfield, model XD45, .45 ACP caliber pistol, bearing serial number US60713; (2) a Samozaryadny Karabin sistemy Simonova (SKS), 7.62mm caliber rifle, bearing unknown serial number; (3) a Marlin, .30-30 Winchester caliber lever action rifle, bearing an obliterated serial number; and (4) a F1 Firearms, model AR, .223 Remington caliber rifle, bearing serial number 110-01197; in violation of Title 18, United Sates Code, Section 924(c)(1).

//

//

2

Count Five

On or about March 16, 2021, within the Southern District of California, defendant Jose Angel SERRANO, did knowingly possess a firearm with an obliterated serial number, to wit: a Marlin, .30-30 Winchester caliber lever action rifle, bearing an obliterated serial number, in violation of Title 18, United Sates Code, Section 922(k).

Count Six

On or about March 16, 2021, within the Southern District of California, defendant Jose Angel SERRANO, did knowingly possess a silencer (manufacturer unknown), which is not registered to Jose Angel SERRANO in the National Firearms Registration and Transfer Record (NFRTR); in violation of Title 26, United States Code, Sections 5861(d) and 5871.

And the complainant states that this complaint is based on the attached Probable Cause Statement incorporated herein by reference.

_____
RICARDO JIMENEZ
ATF Special Agent


Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone on this _27th_ day of April.

_____
HON. BARBARA L. MAJOR
UNITED STATES MAGISTRATE JUDGE

## PROBABLE CAUSE STATEMENT

On March 15, 2021, at approximately 5:45 PM, Chula Vista Police Department Officers ("Officers") were dispatched to a Chula Vista residence ("The Residence") in the Southern District of California, 14-year-old juvenile alleged that she had been given cocaine and raped by SERRANO, her stepfather with whom she resides. SERRANO, who was not at The Residence at the time, was believed to carry a firearm and possess multiple firearms in The Residence.

At one point, officers observed SERRANO driving by The Residence, and the Officers initiated a vehicle stop. During a search incident to arrest, SERRANO was found to be in possession of approximately **28.97 grams of a substance that presumptively tested positive for methamphetamine**, approximately **50 blue M30 fentanyl pills** (divided into 5 individual baggies each containing approximately 10 pills), 2 operational digital scales, $15,000 in U.S. currency, approximately **0.6 grams of a substance that presumptively tested positive for cocaine**, a used bulbous methamphetamine pipe, and three cell phones.

Based on information they learned, that night, Chula Vista Police Department ("CVPD") officers then obtained and executed a search warrant for the house. While searching the downstairs bedroom, Officers located a black safe built into the wall. SERRANO's wife told officers that SERRANO usually keeps on his person a black electronic bracelet that unlocks the safe. During a search incident to SERRANO's arrest, CVPD located the black bracelet in SERRANO's back pants pocket and waved the bracelet in close proximity to the safe, which unlocked it.

Inside of the safe, Officers found was a brick of a white powdery white substance wrapped in clear plastic saran wrap. The substance presumptively tested positive for **cocaine** had a net weight of **508.8 grams**. There was also a clear plastic gallon Ziploc bag containing **six individual bags** of a white powdery substance. The substance presumptively tested positive for **cocaine** and weighed approximately an **ounce each.** Officers also located

a plastic Ziploc bag containing a white crystalline substance. The substance presumptively tested positive for **methamphetamine** and had a net weight of **105.26 grams**.

Officers also located a black firearm case inside the safe, which contained a black **Springfield, model XD45, .45 ACP caliber pistol, bearing serial number US60713**. There were also two, 13-round capacity magazines inside the case containing .45 caliber ammunition. One of the magazines contained **9 rounds of .45 caliber ammunition,** and the other contained **10 rounds of .45 caliber ammunition**. There was also a handgun magazine sitting inside the safe containing **8 rounds of .45 caliber ammunition**. During the search of the safe, officers also found a "pay and owe" sheet in a white duffle bag along with $46,050 in U.S. currency and Ziploc bags containing what officers recognized to be methamphetamine and cocaine. The "pay and owe" sheet listed monetary values next to names, for example, "Turi Agua $12,750." Including the $15,000 seized from his possession at the time of his arrest, officers discovered a total $61,000 in U.S. currency in his possession and his safe. The safe, which contained both drugs and a firearm with loaded magazines could be unlocked at a moment's notice and loaded within seconds.

Within a few feet from his bed where SERRANO sleeps, officers discovered in an unlocked dresser a loaded black and gold Strike Industries ghost gun, engraved with "El Joey," a nickname for Jose. A ghost gun is a firearm that does not bear a legitimate manufacturer's mark or serial number.

Officers searched the garage and observed a gray work bench against the west wall that had been identified as an area SERRANO used and occupied. On top of the work bench was a large manila envelope addressed to SERRANO. In the bottom left drawer of the work bench Officers located a gallon-sized Ziploc baggie containing a white powdery substance. There was also a large plastic rectangular Tupperware with a blue lid containing a white powdery substance. Both items presumptively tested positive for **cocaine** and had a net weight of **962 grams** and **975.5 grams**, respectively. Officers also located an open box of new, unused quart-sized Ziploc baggies in the bottom left drawer of the work bench.

In the top left drawer of the work bench, Officers located another "pay and owe" sheet with, "20,000 cash" and "22,000 Ice," "30,500 Dita," and "18,000 China" written on it. Based on training and experience, officers knew "Ice" is a street name for methamphetamine, which is a reference to its appearance, and "China" is street name for fentanyl or white powder heroin, which is a reference to a variety of heroin known as "China White." Although fentanyl and heroin are different substances, they are often both referred to as "China" on the street due their similar appearance and effects on users. Additionally, officers discovered an electronic currency counter in the garage.

A CVPD Sergeant later arrived on scene and searched the upstairs master bedroom shared by SERRANO and his wife. Inside the room was two closets across from each other. One closet clearly contained male clothing, while the other closet contained female clothing. No contraband was discovered in the closet containing the female clothing. However, the Sergeant located California Department of Motor Vehicles paperwork with SERRANO's name inside a green tactical bag in the closet with male clothing. Inside of that closet was two black body armor vests and what appeared to be a black silencer. Detectives also located seven blue M30 fentanyl pills in a prescription bottle in the master bedroom.

Inside of the attic space in SERRANO's closet, the Sergeant located a rifle case containing three long guns and two magazines. One of the magazines contained **30 rounds of .224 green tip, armor piercing ammunition**. The case contained a **black F1 Firearms, model AR, .223 Remington caliber rifle, bearing serial number 110-01197; a Samozaryadny Karabin sistemy Simonova (SKS), 7.62mm caliber AK-47-Type rifle, bearing an unreadable serial number; and a brown Marlin, .30-30 Winchester caliber lever action rifle, bearing an obliterated serial number.**

Based on training and experience, the officers are aware that persons dealing in controlled substance trafficking frequently arm themselves with firearms and ammunition and keep them available either in their premises, in their vehicles, or on their person. This is primarily due to the large amounts of cash or valuable contraband involved in the drug

trade and the fact that people so inclined tend to resort to violence to resist robbery, settle disputes or thwart capture by law enforcement.

In total, CVPD seized what they believe to be **2,615 grams (5.75 pounds) of cocaine and 370 grams (13 ounces) of methamphetamine** based on the presumptive tests performed as well as their examination of the substances. Based on their training and experiences, officers determined that SERRANO was in possession of approximately **52,300 useable doses of cocaine and approximately 7400 useable doses of methamphetamine.** The individual weights and packaging of the suspected cocaine is more consistent with mid-level sales and distribution of cocaine rather than personal use.

Preliminary records checks revealed the following criminal history below, though it is possible there may be additional history located after further queries are conducted:

| DATE | COURT OF CONVICTION | CHARGE | TERM OF IMPRISONMENT |
|------|---------------------|--------|----------------------|
| 12/16/1991 | CASC | 11383(C)(1)  HS-POSS EPH/ETC:INT:MFG METH/ETC | 7 years prison 4 months prison (consecutive) |
| 10/26/2005 | CASC | Felon in Possession of a Firearm | 2 years prison |
| 12/16/2012 | CASC | Conspiracy to Distribute Ecstasy | 92 months prison |

The firearms were seized and inspected.  Four of the firearms were determined to be: a **Springfield, model XD45, .45 ACP caliber pistol, bearing serial number US60713; a Samozaryadny Karabin sistemy Simonova (SKS), 7.62mm caliber AK-47-Type rifle; a Marlin, .30-30 Winchester caliber lever action rifle, bearing an obliterated serial number; and a F1 Firearms, model AR, .223 Remington caliber rifle, bearing serial number 110-01197.** Preliminary checks also revealed that none of these firearms were manufactured in California. Therefore, the firearms traveled in, and/or affected interstate commerce to arrive in the state of California. Additionally, a preliminary check of the NFRTR revealed that SERRANO does not have any firearms registered to him.