Holly S. Hanover
California State Bar No. 177303
1016 La Mesa Ave.
Spring Valley, CA 91977
619-295-1264
HollyHanover@gmail.com
Attorney for Defendant **Serrano**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
(THE HON. JANIS L. SAMMARTINO)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>            Plaintiff,<br><br>v.<br><br>**JOSE ANGEL SERRANO**<br>            **Defendant** | Case No.: 21cr1590-JLS<br><br>Date:  July 2, 2021<br>Time:  1:30 p.m.<br><br>**STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT<br>OF DEFENDANT'S MOTIONS** |

## I.

## INTRODUCTION

Jose Angel Serrano is currently charged in a 12-count information (as well as a criminal forfeiture allegation) - with violations of:

- Counts 1-4   - Title 18, U.S.C. § 922(g) – Felon in Possession of Firearms
- Count 5      - Title 21 U.S.C. § 841(a)(1) – Possession of Methamphetamine with intent to Distribute
- Count 6      - Title 21 U.S.C. § 841(a)(1) – Possession of Cocaine with intent to Distribute

- Counts 7-10 - Title 18, U.S.C. § 924(c)(1)(A)(i) – Possession of a Firearm in Furtherance of a Drug Trafficking Crime
- Count 11    - Title 18, U.S.C. § 922(k) – Possession of a Firearm with Obliterated Serial Number
- Count 12    - Title 26, U.S.C. §§ 5861(d) and 5871 – Possession of an Unregistered Firearm

At the time of this filing, the defense has received approximately 82 pages of document discovery.  Counsel for Mr. Serrano moves for an order for the Government to turn over all discovery on this case, including, but not limited to the discovery requested below.  Mr. Serrano is currently housed at the Metropolitan Correctional Center.

## II.
## THE COURT SHOULD COMPEL THE GOVERNMENT TO TURN OVER DISCOVERY TO THE DEFENSE

Mr. Serrano makes the following discovery motion pursuant to Rule 12(b)(4) and Rule 16.  This request is not limited to those items that the prosecutor has actual knowledge of, but rather includes all discovery listed below that is "in the possession, custody, or control of any federal agency participating in the same investigation of the defendant." United States v. Bryan, 868 F.2d 1032, 1036 (9th Cir.), cert. denied, 493 U.S. 858 (1989).  See generally Kyles v. Whitley, 514 U.S. 419 (1995).

(1) General Evidence:   Evidence seized as a result of any search, either warrantless or with a warrant, is discoverable under Fed. R. Crim. P. 16(a)(1)(E).  Mr. Serrano is requesting that the government turn over and allow

him counsel to view and inspect all items at the earliest possible date to allow time for adequate preparation for trial.  He also requests that the government retain, preserve and prevent from destruction, all evidence seized in this case, so that counsel may have the opportunity to examine, re-test, or re-weigh them and have it's own expert examine them if necessary.

This request *includes, but is not limited to the following specific items, as well as evidence requested in subsequent paragraphs*:

A. All items of physical evidence involved in this case:

1. All search warrants sought or obtained,
2. All affidavits related to search warrants sought or obtained,
3. A full and complete list of all items seized, the time they were seized, and the specific location where they were found,
4. Fingerprints taken, or any fingerprint testing results,
5. Specification of all firearms seized (and a list of any firearms not seized), as well as the exact location and time they were found,
6. Specification of all drugs seized (and a list of drugs not seized), as well as the exact location and time they were found,
7. All containers, bags, or cases of any type,
8. All safes or storage units located in the home located at 1760 Fernwood, Chula Vista, CA 91913.
9. All items used to open any safes or storage containers/units that were located in the home.
10. All body-cam video,
11. All audio calls,
12. All dispatch calls/tapes,
13. All other video or audio recordings,
14. All witness statements,
15. All reports, notes, timelines, or documentation of any kind (such as maps, graphs, diagrams, etc.) from any officers present at the scene of both the home search,
16. All dispatch tapes,
17. Anything connected to the arrest and search of Mr. Serrano when his vehicle was stopped in March of 2021,
18. Anything connected to the search of Mr. Serrano's home in March of 2021,

19. All alleged statements made by any defendant or witness in this case,
20. All notes, reports, or recordings of those witness statements,
21. lists of any alleged weapons or evidence involved (whether seized or not),
22. All vehicles,
23. All video surveillance data collected at the home.
24. All cell phones, computers, tablets, flash drives, usb drives, or amny other electronic devices, as well as the date included on each and every device,
25. All drugs seized,
26. Specification about all cash seized and specification as to the exact location and time they were found,
27. Documentation about how many times and when exactly Mr. Serrano was searched,
28. Documentation about how many times, and when exactly the home at 1760 Fernwood, Chula Vista, CA 91913 was searched,
29. All documentation, methods, and results from testing or analysis of any items seized (including, but not limited to data analysis, fingerprints, drug analysis, or firearm testing)
30. All other photographs or documentation taken of any locations related to the arrest of Mr. Serrano in March of 2021.
31. All other physical items seized but not specifically listed,
32. All items listed above connected to state case numbers:
    a) Case #CS317557 (DA No. BCH601) - Superior Court of California, County of San Diego, South County Division
    b) Case #2103383 (originating with Chula Vista Police Department)

(2) <u>Mr. Serrano's Statements</u>.  The government must disclose:

   A. copies of any written or recorded statements made by Mr. Serrano;

   B. copies of any written record containing the substance of any statements made by Mr. Serrano; and

   C. the substance of any statements made by Mr. Serrano which the government intends to use, for any purpose, or at trial.  ***This includes any hand-written notes made by agents and any co-conspirator's or***

*witness alleged statements as well, as well as any video or audio recorded statements*.

Mr. Serrano specifically requests that a copy of the entirety of any video or audio tape of his interview before, during, or after his arrest - as well as evidence about the circumstances of any alleged Miranda Waiver and any response to any Miranda warnings that may have been given to the defendant, be turned over to review as soon as possible.  See  Fed. R. Crim. P. 16(a)(1)(A) & (B).  The Advisory Committee Notes to the 1991 amendments to Rule 16 make clear that the Government must reveal <u>all</u> of the defendant's statements, whether oral or written, regardless of whether the government intends to make any use of those statements.  *Counsel asks that those be turned over as soon as possible*.

(3) <u>Statements of Others</u>.  The defense also requests that any witnesses in this case be retained and made available for interviews so we have an opportunity to prepare adequately for cross-examination.  This would include both civilian witnesses as well as law enforcement.

Additionally, the defense moves for an order directing the government to permit the defense to inspect and copy any statements of any co-defendant or co-conspirator, material witness, or confidential informant that the government intends to offer against defendant - or if they were simply arrested or interviewed (spoken with) in this case as they are all relevant, percipient witnesses - under Fed. R. Evid. 801(d)(2)(E), including, but not limited to:

> a) Written or recorded statements made by any witness, possible co-defendant or informant - that are in the government's possession, custody, or control, or that through due diligence may become known to the government (**including, but not limited to, video or audio-taped recordings of statements given, and any transcripts created from those tapes, any audio or video tapes or hand-written notes by**

**agents made during the course of any statements made to the government, including any post-plea statements and/or meetings, and any grand jury testimony transcripts**); and

    b) The substance of any oral statement that the government intends to offer in evidence at the trial of this matter made by any witness, co-defendant or claimed co-conspirator, indicted or unindicted, before or after arrest, in response to interrogation by any person known to the declarant to be a government agent.  This also includes *all statements and plea agreements for each witness or defendant in this case.*

(4) <u>Mr. Serrano's Prior Record</u>.  Mr. Serrano requests complete disclosure of his prior record if one exists.  Evidence of prior record is discoverable under Fed. R. Crim. P. 16(a)(1)(D).  This includes any and all judgements that may exist.  <u>See</u> Fed. R. Crim. P. 16(a)(1)(B).  Once adequate discovery is turned over, if the rap sheet turned over appears vague or incomplete, counsel will request that a criminal history report be done by the probation office at the earliest possible date so that criminal history issues can be determined and addressed.

(5<u>) Dispatch Tapes</u>.  Arrest reports, notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to the defendant are available under Fed. R. Crim. P. 16(a)(1)(B), Fed. R. Crim. P. 26.2, and Fed. R. Crim. P. 12(h).  Preservation of rough notes is requested, whether or not the government deems them discoverable.

(4) <u>Documents and Tangible Objects</u>.  Mr. Serrano requests the opportunity to inspect, copy, and photograph all documents and tangible objects which are material to the defense or intended for use in the government's case-in-chief or were obtained from or belong to him.  <u>See</u> Fed. R. Crim. P. 16(a)(1)(C).

(5) <u>Photographs/Videos/Audio Recordings</u> - Additionally, Mr. Serrano requests the government turn over **photographs or videos or audio tapes** of any items or evidence involved in this case,

(6) <u>Recorded Conversations</u> - including audio, video transcribed and any notes from them, and any **cell phone call records and date for any phone seized in this case or related to this case (identifying whom they allegedly belong to), and cell phone tower records from those telephones for the time period alleged in the charging document**, any and all information contained in any electronic devices seized, as well as any video or audio recordings that pertain to this case, including any interviews of defendants or witnesses, or any video surveillance from the border area used or obtained related this case.

(7) <u>Digital Forensics</u> – any digital evidence seized in connection with this case or the two state cases reference above in the General Evidence section, or digital evidence obtained through any search warrants.

(8) <u>Reports of Scientific Tests or Examinations</u>.  Mr. Serrano requests the reports of all tests and examinations which are material to the preparation of the defense or are intended for use by the government at trial.  <u>See</u> Fed. R. Crim. P. 16(a)(1)(D).  This would include, but not be limited to, fingerprint analysis, handwriting analysis, voice analysis, computer or cell phone or electronic device analysis, and drug analysis.

(9) <u>Expert Witnesses</u>.  Mr. Serrano requests the name and qualifications (CV and list of any publications) of any person that the government intends to call as an

7

21cr1590-JLS

expert witness, and access to interview those witnesses before trial.  See Fed. R. Crim. P. 16(a)(1)(E).  Mr. Serrano requests the Curriculum Vitae of those expert witnesses, (including the resumes of any agents or police officers expected to be called to testify), and written summaries describing the bases and reasons for the expert's opinions.  See id.  This request applies to any fingerprint, drug, forensics, weapons experts, and handwriting experts, or any other law enforcement officer or other expert witness that the government intends to call.

(10)  Brady Material.  Mr. Serrano requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt or punishment and/or which affects the credibility of the government's case.  Under Brady, impeachment as well as exculpatory evidence falls within the definition of evidence favorable to the accused. United States v. Bagley, 473 U.S. 667 (1985).

Mr. Serrano requests disclosure of any impeachment evidence concerning any of the government's potential witnesses, including prior convictions and other evidence of criminal conduct.  See United States v. Bagley, 473 U.S. 667 (1985); United States v. Agurs, 427 U.S. 97 (1976); Kyles v. Whitley, 514 U.S. 419 (1995), Williams v. Taylor, 120 S.Ct. 1479 (2000), Strickler v. Greene, 527 U.S. 263 (1999).

In addition, Mr. Serrano requests any evidence tending to show that a prospective government witness:  (I) is biased or prejudiced against the defendant; (ii) has a motive to falsify or distort his or her testimony; (iii) is unable to perceive, remember, communicate, or tell the truth; or (iv) has used narcotics or other controlled substances, or has been an alcoholic.  ***This would specifically include all reports, employee personal files, and other reports involving any***

*investigations and grand jury testimony pertaining to the investigating and arresting agents, witnesses, or confidential sources in this case.*

(11) <u>Request for Preservation and Discovery of Evidence</u>.  Mr. Serrano specifically requests the preservation of all physical or documentary evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and which relate to the arrest or the events leading to the arrest in this case.  He requests access to re-weigh any drugs or weapons or other items in this case, and access to all computer or cell phone data and records.

*This request specifically includes all video recorded of any contact with Ms. Serrano, from all cameras(including body cameras) that were operational the time - for the days involved in the charging document in this case.  It also includes any recorded video or phone calls (including transcripts), and TECS Records with information related to Mr. Serrano, any co-defendants (named or un-named), and for any vehicles or phones used in this case, or any other vehicles or phones used by Mr. Serrano during the period alleged in the charging document – or before that period if relevant.*

(12) <u>Any Proposed 404(b) Evidence</u>.  "[U]pon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature" of any evidence the government proposes to introduce under Rule 404(b).  Fed. R. Evid. 404(b).  Mr. Serrano requests such notice as soon as possible, in order to allow for adequate trial preparation.

(13) <u>Witness Addresses</u>.  Mr. Serrano requests the name and last known address of each prospective government witness.  He also requests the name and last

known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will <u>not</u> be called as a government witness.

(14) <u>Jencks Act Material</u>.  Mr. Serrano requests production in advance of trial of all material discoverable pursuant to the Jencks Act, 18 U.S.C. § 3500.  This production will avoid needless delays at pretrial hearings and at trial.  ***This request includes any "rough" notes taken by the agents in this case***; these notes must be produced pursuant to 18 U.S.C. § 3500(e)(1).  ***This request also includes production of transcripts of the testimony of any witness at any point in time they may have been questioned (video and audio recordings as well as notes and transcripts of any statements given by witnesses) whether in private meetings, or before the grand jury - including the testimony of all agents involved. Counsel would like access to all witnesses' last known address or custodial location as well, so if they or their counsel agree, the defense may question those witnesses.***  <u>See</u> 18 U.S.C. § 3500(e)(3).

<u>**Specifically, to adequately prepare for substantive pretrial motions, the defense is requesting any and all reports and handwritten notes**</u> by all agents involved with the arrest and/or questioning of Mr. Serrano.

(15) <u>Informants and Cooperating Witnesses.</u>  Mr. Serrano requests disclosure of the names and addresses of any informants or cooperating witnesses used or to be used in this case. The government must disclose the informant's identity and location, as well as disclose the existence of any other percipient witness unknown or unknowable to the defense. <u>Roviaro v. United States</u>, 353 U.S. 53, 61-62 (1957). The defense also requests disclosure of any information indicating bias on the part

of any informant or cooperating witness. Giglio v. United States, 405 U.S. 150 (1972). Such information would include what, if any, inducements, favors, payments, or threats were made to the witness to secure cooperation with the authorities.

(16) Government Examination of Law Enforcement Personnel Files

Mr. Serrano requests that the government examine the personnel files and any other files within its custody, care or control, or which could be obtained by the government, **for all law enforcement witnesses**. Mr. Serrano requests that these files be reviewed by the government attorney for evidence of perjurious conduct or other conduct like dishonesty, or any other material relevant to impeachment, or any information that is exculpatory, pursuant to its duty under United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991).

The obligation to examine files arises by virtue of the defense making a demand for their review: the Ninth Circuit in Henthorn remanded for in camera review of the agents' files because the government failed to examine the files of agents who testified at trial. This Court should therefore order the government to review all such files for all testifying witnesses and turn over any material relevant to impeachment or that is exculpatory to Mr. Serrano prior to trial.

Mr. Serrano specifically requests that the prosecutor, not the law enforcement officers, review the files in this case. The duty to review the files, under Henthorn, should be the prosecutor's and not the officers'. Only the prosecutor has the legal knowledge and ethical obligations to fully comply with this request.

//
//

(17) Arrest Reports, Notes and Recordings.  The defense also specifically requests production of all arrest reports, notes, video or audio recordings, and dispatch of any other recordings that relate to the circumstances surrounding his arrest or any questioning, if such reports and recordings have not already been produced in their entirety.

This request includes, but is not limited to, any rough notes, records, reports, transcripts, video or audio recording, or other documents in which statements of the defendant or any other discoverable material is contained.  Such material is discoverable under Fed. R. Crim. P. 16(a)(1)(A) & (B) and Brady v. Maryland, 373 U.S. 83 (1963).

Arrest reports, investigator's notes, memos from arresting officers, video or audio recordings, dispatch tapes, sworn statements, and prosecution reports pertaining to the defendant are subject to discovery under Fed. R. Crim. P. 16(a)(1)(B), Fed. R. Crim. P. 26.2, and Fed. R. Crim. P. 12(h). See United States v. Harris, 543 F.2d 1247, 1253 (9th Cir. 1976) (original notes with suspect or witness must be preserved); see also United States v. Anderson, 813 F.2d 1450, 1458 (9th Cir. 1987) (reaffirming Harris' holding).   Preservation of rough notes is requested, whether or not the government deems them discoverable.

(18) Any Information That May Result in a Lower Sentence Under The Guidelines.  As discussed above, this information is discoverable under Brady v. Maryland, 373 U.S. 83 (1963).  This request includes any cooperation or attempted cooperation by the defendant, and any information that could affect any base offense level or specific offense characteristic under Chapter Two of the Guidelines, and any information relevant to a Chapter Three adjustment, to a determination of the defendant's criminal history, or to any other application of the Guidelines.

(19)  **Any Information That May Result in a Lower Sentence Under 18 U.S.C. § 3553**.  After <u>United States v. Booker</u>, 543 U.S. 220 (2005), the Guidelines are merely advisory and federal sentencing is governed by 18 U.S.C. § 3553, which requires a judge to consider "any information about the nature and circumstances of the offense."  18 U.S.C. § 3553(a)(1).  This broad range of judicial discretion, combined with the mandate that "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence," 18 U.S.C. § 3661, means that any information whatsoever may be "material . . . to punishment," <u>Brady</u>, 373 U.S. at 87,  whether or not the government deems it discoverable.

(20)  **Names of Witnesses Favorable to the Defendant**. The defense requests the name of any witness who made any arguably favorable statement concerning the defendant, any witness who could not identify him, and any witness who was unsure of his identity or participation in the crime charged.  <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).

(21)  **Statements Relevant to the Defense**.  The defense requests disclosure of any statement that may be "relevant to any possible defense or contention" that he might assert.  <u>United States v. Bailleaux</u>, 685 F.2d 1105 (9th Cir. 1982), overruled in part on other grounds by <u>Huddleston v. United States</u>, 485 681 (1988).  This includes Grand Jury transcripts relevant to the defense motion to dismiss the indictment.

(22)   **Evidence Affecting Perception, Recollection, Ability to Communicate**. Defendant requests any evidence, including any medical or psychiatric report or

evaluation, tending to show that any prospective witness's ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic.  <u>Brady</u>.

(23)  <u>*Giglio* Information</u>.  Pursuant to <u>Giglio v. United States</u>, 405 U.S. 150 (1972), the defendant requests all statements and/or promises, expressed or implied, made to any government witnesses, in exchange for their testimony in this case, and all other information which could arguably be used for the impeachment of any government witnesses.

(24)  <u>Reports of Scientific Tests or Examinations</u>.  Pursuant to Fed. R. Crim. P. 16(a)(1)(F), the defendant requests disclosure and the opportunity to inspect, copy, and photograph the results and reports of all tests, examinations, and experiments conducted upon the evidence in this case, including, but not limited to, any fingerprint testing done upon any evidence seized in this case, that are within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government, and that are material to the preparation of the defense or are intended for use by the government as evidence in chief at the trial.

(24)  <u>Residual Request</u>.  Mr. Serrano intends by this discovery motion to invoke his rights to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the Constitution and laws of the United States.  ***Mr. Serrano requests that the government provide his attorney with the above-***

*requested material sufficiently in advance of any substantive pretrial motions and trial.*

### III.
### THE COURT SHOULD ORDER THE GOVERNMENT TO PRESERVE ALL PHYSICAL EVIDENCE OBTAINED, AND RETAIN ANY WITNESSES

Mr. Serrano respectfully requests the Court order that the government retain, preserve and prevent from destruction, all evidence seized in this case (Including any videotapes, audiotapes, cash, fingerprint evidence, narcotics, vehicle(s), electronic devices and their date, notes, cell phones, cell phone data, electronic date, computers, **drugs**, or other physical items seized) so that counsel may have the opportunity to view and re-test them and have it's own expert examine them if necessary.  He also requests that the government retain and provide addresses of any witnesses or confidential sources (if they are housed in a custodial situation, Mr. Serrano requests they be retained in a location where he has an opportunity to interview them to prepare for adequate cross-examination).

*This request specifically includes all audio and video recorded of any activity related to this case – at any time during the investigation of this case or the dates included within the charging document.*

### IV.

### MOTION FOR LEAVE TO FILE ADDITIONAL MOTIONS

Counsel for both sides are attempting to resolve this case pre-indictment, and will continue to do so as expeditiously as possible.  Depending upon the ultimate decision to accept a deal or go to trial, defense counsel may need to file further motions after a full review of discovery and independent investigation is

15

**21cr1590-JLS**

done. As new information surfaces due to the government providing discovery in response to these motions, or as a result of defense investigation, the defense will likely find it necessary to file more substantive motions, or to supplement existing motions with additional facts. The denial of this request will result in a violation, at a minimum, of Mr. Serrano's Fifth and Sixth Amendment rights.  Therefore, defense counsel requests the opportunity to file further motions based upon information gained from discovery and future case investigation.

## V.
## **CONCLUSION**

For the foregoing reasons, Mr. Serrano respectfully requests that the Court grant his motions.

**Respectfully submitted,**

**Dated:  June 21, 2021**            s/ Holly S. Hanover
                                     Holly S. Hanover
                                     Attorney for Jose Angel Serrano
                                     E-mail: HollyHanover@gmail.com