Holly S. Hanover
California State Bar No. 177303
1016 La Mesa Ave.
Spring Valley, CA 91977
619-295-1264
HollyHanover@gmail.com
Attorney for Defendant **Serrano**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA
## (THE HON. JANIS L. SAMMARTINO)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    PLAINTIFF,<br><br>v.<br><br>**JOSE ANGEL SERRANO**<br>    **DEFENDANT** | Case No.: 21cr1590-JLS<br><br>Date:   July 2, 2021<br>Time:  1:30 p.m.<br><br>**JOINT MOTION TO CONTINUE MOTION HEARING AND EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT** |

Defendant, Jose Angel Serrano, by his attorney, Holly S. Hanover, and the United States of America, by its counsel, jointly move to continue the hearing scheduled for July 2, 2021, to September 10, 2021, at 2:00 p.m.  The parties also jointly move to exclude time under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7).

1. On May 27, 2021, Mr. Serrano was arraigned on a single-count Information charging him with violations of:
    a. Counts 1-4 - Title 18, U.S.C. § 922(g) – Felon in Possession of Firearms
    b. Count 5 - Title 21 U.S.C. § 841(a)(1) – Possession of Methamphetamine with intent to Distribute
    c. Count 6 - Title 21 U.S.C. § 841(a)(1) – Possession of Cocaine with intent to Distribute

JOINT MOTION TO CONTINUE MOTION HEARING AND EXCLUDE
TIME UNDER THE SPEEDY TRIAL ACT - 1
**21CR1590-JLS**

    d. Counts 7-10 - Title 18, U.S.C. § 924(c)(1)(A)(i) – Possession of a Firearm in Furtherance of a Drug Trafficking Crime

    e. Count 11 - Title 18, U.S.C. § 922(k) – Possession of a Firearm with Obliterated Serial Number

    f. Count 12 - Title 26, U.S.C. §§ 5861(d) and 5871 – Possession of an Unregistered Firearm

2. Mr. Serrano has pled not guilty to the charges. A motion setting hearing was scheduled for July 2, 2021.

3. On December 9, 2020, the Chief Judge of this Court, citing a resurgence of the COVID-19 pandemic, entered Order of the Chief Judge (OCJ) 52A. That Order reinstated a temporary moratorium on jury trials and most other in-person criminal proceedings, including motion hearings, that were scheduled to begin before January 8, 2021. OCJ 52A augmented earlier emergency Orders that remain in place, including OCJ 18, which has been renewed every thirty days since it was first issued on March 17, 2020. The Chief Judge determined that because of the recent spike in COVID-19 infections, many of the emergency circumstances cited in the first paragraph of OCJ 18 had reemerged, and he incorporated by reference the findings set forth in the first paragraph of that Order into OCJ 52A.

4. On January 4, 2021, the Chief Judge entered OJC 52B, extending OJ 52A until January 22, 2021.

5. On January 13, 2021, the Chief Judge entered OJC 52C, which extended the suspension until February 5, 2021.

6. On February 2, 2021, the Chief Judge issued OJC 60, extending the suspension to March 8, 2021.

7. On March 2, 2021, The Chief Judge issued OJC 63, extending the suspension (with some modifications allowing limited appearances) to

JOINT MOTION TO CONTINUE MOTION HEARING AND EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT - 2
**21CR1590-JLS**

July 6, 2021.

8. On April 14, 2021, The Chief Judge issued OJC 63-A, extending the suspension (with some modifications allowing limited appearances) to July 6, 2021.

9. On May 24, 2021, The Chief Judge issued OJC 63-B, extending the suspension (with some modifications allowing limited appearances) to July 6, 2021.

10. Most recently, on June 11, 2021, The Chief Judge issued OJC 63-C, extending the suspension (with some modifications allowing limited appearances) to July 6, 2021.

11. Section 3161(h) excludes certain periods of time under the Speedy Trial Act. That includes delay resulting from a continuance if the court finds "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). The Court must "set[] forth … either orally or in writing, its reasons" for the finding. *Id.* The Court "shall consider" the following factors, "among others":

   a. Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
   b. Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

   …

   c. Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of

counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the existence of due diligence.

18 U.S.C. § 3161(h)(7)(B).  "No continuance under [this provision] shall be granted because of general congestion of the Court's calendar, or lack of diligent preparation or failure to obtain available witnesses on the part of the attorney for the Government."  18 U.S.C. § 3161(h)(7)(C).

12. The ends of justice served by granting the requested continuance outweigh the best interest of the public and the defendant in a speedy trial, for the following reasons:
    a. Periodic quarantines of varying duration have recently been imposed at local federal detention facilities as rising numbers of inmates have tested positive for the virus.  Because of these restrictions, Defendant – at varying times – has been unable to meet personally with his defense counsel or to communicate with counsel via videoconferencing or in some cases even by telephone.  Consequently, the ability of Defendant and defense counsel to proceed as usual has been frustrated.  Defendant respectfully requests additional time to review discovery with his counsel and to discuss the Government's offer for resolution short of trial.
    b. This is the first request for a continuance of the motion hearing by the parties.
    c. Defendant is in custody and does not oppose this request.
13. The parties therefore jointly move to continue the hearing scheduled for July 2, 2021, to September 10, 2021, at 2:00 p.m., and to exclude time under the Speedy Trial Act.  The period of delay excluded should span from the filing of this motion, 18 U.S.C. § 3161(h)(1)(D), until the next date.

//
//
//

JOINT MOTION TO CONTINUE MOTION HEARING AND EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT - 4
**21CR1590-JLS**

DATED: June 25, 2021

Respectfully submitted

s/ *Holly S. Hanover*
Attorney for Mr. Serrano


RANDY S. GROSSMAN
Acting United States Attorney

s/ *Connie Wu*
Connie Wu
Assistant U.S. Attorney