RANDY S. GROSSMAN
Acting United States Attorney
Connie V. Wu
Assistant U.S. Attorney
CA Bar No. 297177
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-8592
Email: Connie.Wu@usdoj.gov

Attorneys for the United States

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSE ANGEL SERRANO,<br>aka "El Joey,"<br><br>Defendant. | Case No. 21-CR-1590-JLS<br><br>**JOINT MOTION FOR ENTRY OF PROTECTIVE ORDER** |

Plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Randy S. Grossman, Acting United States Attorney, and Connie Wu, Assistant United States Attorney, and Defendant Jose Angel Serrano, by and through his attorney, John Lanahan, hereby jointly move, pursuant to 18 U.S.C. § 3509(d), 18 U.S.C. § 3771(a), and Fed. R. Crim. P. 16(d), for this Court to enter a protective order. Because this case involves a minor who is a victim of rape, and is a witness to the same, the parties move for this Court to enter a protective order in order to: protect sensitive personally identifiable information and privacy interests of the victim. This motion is based upon the files and records of this case and the following representations:

1. The Complaint charges Defendant with felon in possession of firearms, possession of methamphetamine & cocaine with intent to distribute, possession of a firearm in furtherance of a drug trafficking crime, possession of a firearm with an obliterated

serial number, and possession of an unregistered firearm. These charges stem from a police investigation of an allegation by Defendant's 14-year-old stepdaughter that he had drugged and raped her.

2. The discovery to be provided by the Government includes sensitive information, including the name of, means of identification for, photographs of, a videotaped interview of, and other private information regarding the victim. Unauthorized, or even inadvertent, dissemination of the information could significantly harm her dignity and privacy interests, see 18 U.S.C. §§ 3771(a)(1) and (8), and would be a violation of the privacy protections required by law for minor victims, see 18 U.S.C. § 3509(d).

3. Redaction of all sensitive information would be impracticable because of the relevance certain items, such as a videotaped interview of the victim. The Government seeks to produce this sensitive information to defense counsel without significant redactions, but with the protections set forth in the proposed protective order.

4. Recognizing the sensitivity of the discovery and the privacy interests of the victim, the parties hereby move that the defendant, defense counsel, paralegals, investigators, law clerks, secretaries, experts, assistants, interpreters, office personnel, and employees shall not disclose the substance of any discovery material received from the Government to any third party, unless such material is already a matter of public record, without prior approval of this Court. Defense counsel and their paralegals, law clerks, secretaries, experts, investigators, assistants, interpreters, office personnel and employees, agree to review discovery with the defendant, and shall not provide a copy of any discovery to defendant, or leave a copy of the discovery with defendant.

5. The parties further move and agree that the discovery produced by the United States Attorney, Assistant United States Attorneys, paralegals, law clerks, and legal

2

assistants assigned to this case (hereafter collectively referred to as "the Government") may not be copied, reproduced, or further disseminated in any way or by any other person or entity who is not a part of the defense team including defense counsel, paralegals, law clerks, secretaries, experts, investigators, assistants, interpreters, office personnel, and employees of defense counsel.

6. The parties further move and agree that nothing contained herein shall prevent the Government, or any defendant or their counsel, from disclosing such discovery material to any other attorneys working for the Government, the defendants or their counsel, agents (federal, state or local), paralegals, law clerks, secretaries, experts, investigators, assistants, office personnel, employees, and any other person who is working for the Government or the defendants and their counsel (collectively referred to as "assistants") in the investigation or preparation of this case or, with respect to the Government and its assistants only, in other criminal investigations, without prior court order. Further, nothing contained herein shall preclude the Government, defendants or their counsel, or their respective assistants from conducting an investigation of the facts of this case on behalf of the Government or said defendants, or with respect to the Government and its assistants only, from conducting an investigation of other criminal activity, including interviewing witnesses disclosed by said discovery materials, or from taking statements from witnesses disclosed by said discovery materials, or from asking said witnesses if they themselves have made prior statements to the Government that are disclosed in the discovery materials, and about the contents of such statements. In connection with any such investigation, it shall not be necessary that the Government, the defendants or their counsel, or their respective assistants, obtain prior permission of this Court.

3

7. The parties jointly move and agree that, should counsel withdraw or be disqualified from participation in this case, any material received and any copies derived therefrom, shall be returned to the Government within 10 days.

8. Finally, the parties jointly move and agree that each counsel shall be required to communicate the substance of this order and explain it to their clients and assistants before disclosing the substance of the discovery to their clients or assistants.

9. The proposed protective order will be submitted to the Court separately.

10. Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures Manual, I, Connie V. Wu, certify that the content of this Joint Motion for Entry of Protective Order for Minors and Order re: Compliance with 18 U.S.C. § 3509(d) is acceptable to John Lanahan, and that I have obtained his authorization to affix their electronic signature to this Joint Motion.

DATED: December 9, 2021

_____
CONNIE V. WU
Assistant United States Attorney

DATED: December 9, 2021

_____
JOHN LANAHAN
Counsel for Defendant Jose Serrano