RANDY S. GROSSMAN
United States Attorney
Connie V. Wu
California Bar No. 297177
Assistant U.S. Attorney
Federal Office Building
880 Front Street, Room 6293
San Diego, CA 92101-8893
Tel.: (619) 546-8592
Email: Connie.Wu@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JOSE ANGEL SERRANO, <br>     *AKA EL JOEY*, <br><br> Defendant. | No. 21-cr-1590-JLS <br><br> JOINT MOTION TO (1) CONTINUE EVIDENTIARY HEARING AND SET NEW BRIEFING SCHEDULE; AND (2) EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT |

The United States of America, by its counsel, and defendant JOSE SERRANO, by JOHN LANAHAN, jointly move to continue the evidentiary hearing set for September 7, 2022 to October 6, 2022 at 9AM, and set new briefing deadlines for a government response by September 15, 2022. The parties also jointly move to exclude time under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7).

1. The Information in this case was filed on May 27, 2021. Defendant first appeared before a judicial officer of this court on that charge on April 30, 2021. The Speedy Trial Act, 18 U.S.C. § 3161(c)(1), requires trial to commence within 70 days from the later of those dates.

2. Section 3161(h) excludes certain periods of time in calculating the 70 days. That includes delay resulting from a continuance if the court finds "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). The court must "set[] forth … either orally or in writing, its reasons" for the finding. *Id.* The court "shall consider" the following factors, "among others":

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
>
> …
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the existence of due diligence.

18 U.S.C. § 3161(h)(7)(B). "No continuance under [this provision] shall be granted because of general congestion of the court's calendar, or lack of diligent preparation or failure to obtain available witnesses on the part of the attorney for the Government." U.S.C. § 3161(h)(7)(C).

3. The ends of justice served by granting the requested continuance outweigh the best interest of the public and the defendant in a speedy trial, for the following reasons:

    a. Defendant's preliminary hearing in a separate but related state prosecution is set for August 17, 2022. Testimony and resulting transcripts from that hearing will be material to the parties' briefing on Defendant's motion to suppress. Additionally, the assigned AUSA will be on extended medical leave until mid-September.

    b. Based on the Court's availability, the parties seek to continue the evidentiary hearing from September 7, 2022 until October 6, 2022 at 9:00am. The parties also request a new briefing schedule for the Government to respond to Defendant's motion to suppression by September 15, 2022.

    c. The parties have exercised due diligence. For reasons above, failure to grant the requested continuance would deny counsel and the government the reasonable time necessary for effective preparation and result in a miscarriage of justice.

    d. Defendant is currently in custody not only for this federal case but also for a separate state prosecution, so he would not be prejudiced by this continuance.

4. Counsel for defendant represents that he has discussed the need for this continuance with defendant. Defendant agrees to and joins in the request for this continuance.

5. The parties therefore jointly move for a continuance and to exclude time under the Speedy Trial Act. The parties agree the period of delay excluded spans from the filing of this joint motion, 18 U.S.C. § 3161(h)(1)(D), until the new date for the hearing.

DATED:      August 17, 2022

                              Respectfully submitted,

                              RANDY S. GROSSMAN
                              United States Attorney

                              s/*Connie V. Wu*

                              CONNIE V. WU
                              Assistant U.S. Attorney

                              s/ *John Lanahan* (w/authorization)

                              JOHN OWEN LANAHAN
                              Counsel for Defendant