UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>                         Plaintiff,<br><br>v.<br><br>JOSE ANGEL SERRANO,<br><br>                         Defendant. | Case No.: 21-CR-1590 JLS<br><br>**ORDER: (1) REQUIRING THE PARTIES TO PROVIDE SUPPLEMENTAL BRIEFING ON DEFENDANT'S MOTION TO DISMISS FIREARM CHARGES AND (2) CONTINUING STATUS HEARING**<br><br>(ECF No. 49) |
|---|---|

Presently before the Court is Defendant Jose Angel Serrano's ("Defendant" or "Serrano") Motion to Dismiss Firearm Charges ("Mot.," ECF No. 49). The United States filed a Response in Opposition to the Motion ("Opp'n," ECF No. 51). Having considered the Parties' arguments and the law, the Court has concluded that supplemental briefing is needed from the Parties regarding the constitutionality of 18 U.S.C. § 922(k), which prohibits the possession of a firearm with an obliterated serial number, and 26 U.S.C. §§ 5861(d), 5871, which prohibit the possession of an unregistered firearm.

Under the Supreme Court's recent decision in *New York State Rifle & Pistol Association v. Bruen*, 142 S. Ct. 2111, 2126 (2022), "when the Second Amendment's plain

text covers an individual's conduct, the Constitution presumptively protects that conduct. To justify its regulation, . . . the government must demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation." Here, neither Party has adequately addressed whether the prohibitions against possessing unregistered firearms or firearms with obliterated serial numbers infringe on an individual's Second Amendment right to possess and carry a firearm for self-defense or other lawful purposes. *See* Mot. at 21–22; *see generally* Opp'n. Moreover, neither party provides the Court with convincing arguments addressing whether the challenged regulations are consistent with this Nation's historical tradition of firearm regulation. *See* Mot. at 21–22; *see generally* Opp'n. The Court acknowledges that under *Bruen* the government carries the burden to demonstrate such a historical tradition, but that burden only arises once it has been determined that the challenged regulation infringes on an individual's Second Amendment rights, which, as stated above, remains unclear in this case. *See Bruen*, 142 S. Ct. at 2126.

Given the importance of the issues in this case, the rapidly developing nature of the law in this area, and the conflicting findings of other district courts, *compare United States v. Price*, No. 2:22-CR-00097, 2022 WL 6968457, at *6 (S.D.W. Va. Oct. 12, 2022) (finding 18 U.S.C. § 922(k) unconstitutional), *with United States v. Holton*, No. 3:21-CR-0482-B, 2022 WL 16701935, at *3–5 (N.D. Tex. Nov. 3, 2022) (finding 18 U.S.C. § 922(k) and 26 U.S.C. § 5861(d) constitutional), the Court deems full briefing on these issues essential before rending its decision.

Accordingly, the Court **ORDERS** the Parties to provide the Court with supplemental briefing concerning the constitutionality of 18 U.S.C. § 922(k) and 26 U.S.C. §§ 5861(d), 5871 in light of the Supreme Court's decision in *New York State Rifle & Pistol Association v. Bruen*. The United States **SHALL** file a Response to this Order <u>on or before December 2, 2022</u>. Defendant **SHALL** file a Reply to the United States's Response <u>on or before December 16, 2022</u>. The briefs shall be <u>no more than fifteen (15) pages</u>.

/ / /

/ / /

**IT IS FURTHER ORDERED** that the Status Hearing set for November 28, 2022, shall be continued to January 6, 2023, at 1:30 p.m.

**IT IS SO ORDERED.**

Dated: November 16, 2022

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge