JOHN LANAHAN
California State Bar Number 133091
501 West Broadway, Suite 1510
San Diego, California  92101-3526
Telephone:  (619) 237-5498
E-mail: lawnahan@sbcglobal.net

*Attorney for Defendant Jose Angel Serrano*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

**(HONORABLE JANIS L. SAMMARTINO)**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> Plaintiff, ) <br> v. ) <br> JOSE ANGEL SERRANO, ) <br> Defendant. ) | Case No. 21cr1590-JLS <br><br> Date: January 20, 2023 <br> Time: 1:30 PM <br><br> **DEFENDANT'S RESPONSE TO SUPPLEMENTAL BRIEFING REGARDING THE CONSTITUTIONALITY OF 18 U.S.C. § 922(k) AND 26 U.S.C. §§ 5861(d) AND 5871** |

Jose Angel Serrano, by and through his counsel John Lanahan, files the following response to the Government's Supplemental Briefing regarding the Constitutionality of 18 U.S.C. § 922(k) and 26 U.S.C. §§ 5861(d) and 5871.

**Introduction**

The Government's Supplemental Briefing argues four points: (1) silencers are not firearms under *District of Columbia v. Heller*, 554 U.S. 570, 582 (2008); (2) silencers are "dangerous an unusual weapons" under *Heller*, (3) the registration requirements under 26 U.S.C. §§ 5861(d) and 5871 do not impinge of Second Amendment rights and (4) possession of a firearm with an obliterated serial number is not protected by the Second Amendment.

I. *New York State Rifle and Pistol Association v. Bruen*, ___U.S.___, 142 S.Ct. 2111 (2022) changed the test under *Heller*

**A. Silencers (count 12)**

Much of the Government's Supplemental Briefing relies upon decisions prior to *Bruen*, that applied the test approved by *Heller*. That was, (1) did the object that was being regulated fall within the definition of a firearm and (2) if so, then the Court would apply an ends/means test to determine if the statute passed constitutional muster. The Government relies upon pre-*Bruen* decisions, *United States v. Cox*, 906 F.3d 1170, 1184-88 (10th Cir. 2018); *United States v. Al-Azhari*, 2020 WL 7334512 (M.D. Fla. 2020); and *United States v. Hasson*, 2019 WL 4573424 (D.Md., 2019) to argue that silencers are not "arms" under the Second Amendment but rather accessories that have no inherent destructive power; yet the Government argued that silencers are "dangerous or unusual weapons" under *Heller*. These contradictory statements in fact show that silencers become dangerous weapons only when used in conjunction with firearms, which *are themselves* dangerous weapons. By analogy, in 1791, an accessory necessary to clean out the barrel of a rifle, used only in conjunction with the rifle, would be protected under the Second Amendment because it would only be used in conjunction with a rifle. Similarly a silencer, had it been invented in 1791, would have been considered an accessory used only with firearms and within the scope of the Second Amendment.

In the post-*Bruen* world, the ends/means test under *Heller* is gone. Now, the Court looks to what was being regulated back then, and the Government has not shown any laws back in 1791 that singled out regulating or prohibiting firearm accessories. Under *Bruen*, silencers are so closely related to firearms as to be covered by the Second Amendment, especially when possessed in Mr. Serrano's home.

The Government argues that silencers are associated with the illegal use of weapons, without any data to support that claim. It also argues that silencers would have been perceived by drafters of the Second Amendment to fall within a special category of weapons more dangerous than firearms, even though they are used only in conjunction with firearm, which are themselves dangerous weapons. The fact that firearms are dangerous does not prohibit their possession, especially when used to

protect the home (*Heller*) or one's person (*Bruen*) from confrontations in public.

### B. Firearm with obliterated serial number: 18 U.S.C. § 922(k) (count 11)

The Government argues that 18 U.S.C. § 922(k) is constitutional because it does not impinge upon a person's possession or use of a firearm, but instead is consistent with laws in effect at the time of the Second Amendment was adopted concerning the regulation of firearms. Under *Bruen*, the first test is whether U.S.C. § 922(k) deal with firearms. The answer is yes, including those which have had their serial numbers removed or obliterated. The burden then shifts to the Government to show laws at the time that would a analogous to the purpose of 18 U.S.C. § 922(k). One court, in *United States v. Tita*, 2022 U.S. Dist. LEXIS 231140 (D.Md. 2022) found that section 922(k) was similar to colonial era laws that prohibited the sale or trade of firearms with Native Americans. Such a law would no be clearly unconstitutional, so looking for analogous laws back then does not support a finding that such a law would be constitutional now. Back in 1791, guns did not have serial numbers, so grafting a regulation now that does prohibit the possession of a certain class of firearms for a reason unrecognized in 1791 does not rescue 18 U.S.C. § 922(k) from violating the Second Amendment. This was the reasoning used by the court in *United States v. Price*, 2022 U.S. Dist. 186571, to hold 18 U.S.C. § 922(k) is unconstitutional.

### CONCLUSION

For the reasons set forth in Mr. Serrano's supplemental motion to dismiss counts one through four and seven through twelve, and this response, he asks that the Court find the charges alleging illegal possession or use of firearms violate the Second Amendment and dismiss those charges.

Respectfully submitted,

Dated: January 6, 2023

s/ *John Lanahan*
JOHN LANAHAN
*Attorney for Defendant Jose Angel Serrano*