1  TARA K. MCGRATH
   United States Attorney
2  DAVID P. FINN
3  Assistant U.S. Attorney
   California Bar No.: 249247
4  Office of the U.S. Attorney
5  880 Front Street, Room 6293
   San Diego, California 92101
6  Tel: (619) 546-7342
7  Email:  David.Finn@usdoj.gov

8  Attorneys for the United States of America

9              **UNITED STATES DISTRICT COURT**

10             **SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 11  UNITED STATES OF AMERICA, | Case No.: 21CR1590-JLS |
| 12         Plaintiff, | **UNITED STATES' MOTIONS *IN LIMINE* TO:** |
| 13 | |
| 14  v. | (1)  ADMIT FELONY CONVICTIONS; |
| 15 | (2)  ALLOW AMMUNITION AND FIREARM TO BE PRESENT IN THE COURTROOM; |
| 16 | |
| 17 | (3)  ADMIT EXPERT TESTIMONY; |
| 18  JOSE ANGEL SERRANO, | (4)  ADMIT RULE 609 EVIDENCE; AND |
| 19         Defendant. | (5)  MOTION FOR RECIPROCAL DISCOVERY. |
| 20 | |
| 21 | TOGETHER WITH STATEMENT OF FACTS, MEMORANDUM OF POINTS AND AUTHORITIES |
| 22 | |
| 23 | |
| 24 | |

25

26     COMES NOW the plaintiff, the UNITED STATES OF AMERICA, by and through
27  its counsel, Tara K. McGrath, United States Attorney, and David P. Finn, Assistant U.S.
28  Attorney, and hereby files its Motions *in Limine*.  These Motions are based upon the files

and records of the case together with the attached statement of facts and memorandum of points and authorities.

# I

# STATEMENT OF THE CASE

On March 15, 2021, Chula Vista Police Department Officers executed a search warrat at the defendant's residence. The defendant was arrested after driving by the residence in a vehicle during the search. A search indicent to arrest recovered distributable amounts of methamphetamine and fentanyl. The defendant had two operational digital scales and $15,000 with him.

A search of a safe inside the home that was unlocked with an electronic bracelet worn by the defendant found large quantities of cocaine and methamphetamine. Also inside the safe was the .45 caliber handgun charged in Count 1, several magazines of ammunition, $46,050 in currency, and a pay owe sheet.

In the garage additional large amounts of cocaine were found with packaging materials with more pay own sheets.

Inside the attice space of the defendant's bedroom closet, officers found the three rifles charged in Counts 2-4. Inside the defendant's closet the officers' found the silencer charged in Count 12.

The defendant was convicted of manufacturing methamphetamine in 1991 and sentenced to 7 years in prison. He was convicted in 2005 of being a felon in possession of a firearm and sentenced to 2 years in prison. He was convicted in 2012 of conspiray to distribute ecstasty and sentenced to 92 months in prison.

# III

# MOTIONS IN LIMINE

**1.   The Court Should Admit Defendant's Prior Convictions**

Pursuant to *Rehaif* and the Information, and absent a stipulation between the parties, the United States moves to admit Defendant's prior felony convictions as a necessary element of the crime. The United States must prove both that Defendant was a felon and

that he was *aware* of his status as a felon. Therefore, his prior felonies are evidence of "a necessary element of the crime charged" and "not considered '[e]vidence of other crimes, wrong, or acts' within the meaning of [Rule 404(b)]." *See United States v. Cruz-Escoto*, 476 F.3d 1081, 1088-89 (9th Cir. 2007) (citing *United States v. Campbell*, 774 F.2d 354, 356 (9th Cir. 1985)).

Defendant's felony convictions and sentences he served are evidence of his status and put him on notice of the same and are therefore relevant to essential elements of the crime. In particular, the Defendant's 2005 prior Felon in Possession of Ammunition conviction proves that he knew he was a convicted felon and that he was not allowed to possess firearms or ammunition.

**2.   The Court Should Allow the Firearm and Ammunition in the Courtroom**

The United States moves the Court to allow it to introduce the actual ammunition and firearms to the jurors in the courtroom during the trial. Of course, the United States will abide by the Courts' limiting instructions as to its usual practices for firearms in the courtroom, but it is important for the jury to see the actual firearms and ammunition that Defendant possessed. The evidence is relevant, and the probative value of such evidence outweighs any risk of unfair prejudice. *See* Fed. R. Evid. 401-03.

The United States will supply the Court with a proposed order to authorize the firearms admission to the courthouse and will ensure that proper safety measures are taken and maintained at all times.

**3.   Expert Testimony for the United States Should Be Admitted**

A. Introduction

The United States intends to call Special Agent Cole Jones with the Bureau of Alcohol, Tobacco, Firearms, and Explosives to testify that the firearm and ammunition were manufactured outside of California and necessarily traveled in interstate commerce to arrive in California, as well as that the firearm and ammunition meet the legal definitions of firearm and ammunition.

The United States intends to call a Chula Vista Police Department Detective to testify that based on his training and experience the amount of drugs in this case were for distribution, the value of the drugs, and that drug distrubuters will carry firearms in close proximity to their drugs and money in order to protect themselves and their contraband.

Finally, the United States intends to call DEA Chemists: Todd H. Davis, Kevin E. Eckert, and Annmarie J. Robbins to testify that the substances seized were cocaine and methamphetamine and the purity of the methamphetamine.

B. <u>Standard of Admissibility</u>

If specialized knowledge will assist the trier-of-fact in understanding the evidence or determining a fact in issue, a qualified expert witness may provide opinion testimony on the issue in question. Fed. R. Evid. 702. The trial judge is the gatekeeper regarding the type and scope of expert testimony that should be admitted in any particular trial and has "broad latitude" in determining the relevance and reliability of such testimony. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 142 (1999). Determining whether expert testimony would assist the trier-of-fact in understanding the facts in issue is within the sound discretion of the trial judge. *United States v. Alonso*, 48 F.3d 1536, 1539 (9th Cir. 1995). The district court may consider the *Daubert* test or any other factors in addressing relevant reliability concerns regarding expert testimony. *Kumho*, 526 U.S. at 149-50 (noting that "there are many different kinds of experts, and many different kinds of expertise," including, "experts in drug terms, handwriting analysis, criminal modus operandi").

The expert's opinion may be based on hearsay or facts not in evidence when the facts or data relied upon are of the type reasonably relied upon by experts in the field. Fed. R. Evid. 703; *see, e.g.*, *United States v. Gil*, 58 F.3d 1414, 1422 (9th Cir. 1995) ("[W]e have consistently held that government agents or similar persons may testify as to the general practices of criminals to establish the defendants' modus operandi." (internal quotations and citation omitted)); *see also United States v. Hankey*, 203 F.3d 1160, 1168-70 (9th Cir. 2000) (affirming district court's admission of gang expert testimony that gang members would be subject to violent retribution if they testified against another gang member).

An expert may provide opinion testimony even if the testimony embraces an ultimate issue to be decided by the trier-of-fact. Fed. R. Evid. 704; *United States v. Plunk*, 153 F.3d 1011, 1018 (9th Cir. 1998). The proposed expert testimony "alerts [the jury] to the possibility that combinations of seemingly innocuous events may indicate criminal behavior." *United States v. Johnson*, 735 F.2d 1200, 1202 (9th Cir. 1984).

### C. Firearms Expert

The United States intends to call an agent from Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF), Cole Jones as an expert on firearms and ammunition. Agent Jones has personally examined firearms and rounds of ammunition for the purpose of determining the manufacturer, model, caliber/gauge, serial number, place of manufacture, function, and design, and/or status as related to the National Firearms Act. Notice of his testimony is was provided to defense counsel. His report and statement of qualifications has been provided in discovery.

In sum, it is anticipated that the Agent Jones will testify that the firearms and ammunition possessed by Defendant were manufactured outside of California.

In the Ninth Circuit, this type of testimony is routinely proposed, admitted, and affirmed in firearms cases. *See e.g. United States v. Beasley*, 346 F.3d 930 (9th Cir. 2003); *United States v. Blocker*, 39 F. App'x 543, 548 (9th Cir. 2002) (where "evidence of a firearm's foreign manufacture is sufficient to support a finding that the gun moved in interstate commerce"); citing *United States v. Clawson*, 831 F.2d 909, 913 (9th Cir. 1987); *see also United States v. Alvarez*, 972 F.2d 1000, 1003 (9th Cir. 1992) (where expert testimony that firearm found in defendant's possession in California was manufactured in Spain was sufficient to prove firearm was possessed in or affecting interstate commerce for purposes of § 922(g)).

### D. Value and 924(c) Expert

The United States moves for the narcotics expert to testify regarding fact that the cocaine and methamphetamine were for distribution, the value of the drugs, and that drug

distrubuters will carry firearms in close proximity to their drugs and money in order to protect themselves and their contraband.

The Ninth Circuit permits the use of such expert testimony. In *United States v. Ogbuehi*, 18 F.3d 807, 812 (9th Cir. 1994), the defendant was charged with importation of heroin.  At trial, the United States introduced expert testimony regarding the street value of the heroin, assuming the drugs had been repeatedly cut and sold on the street.  The Ninth Circuit held that admission of such testimony was proper and that counsel can argue reasonable inferences from the evidence.  *Id.* at 812; *see also United States v. Savinovich*, 845 F.2d 834, 838 (9th Cir. 1988) (price, quantity and quality of narcotics is relevant to demonstrate defendant's knowledge of the drugs and intent to distribute them); *United States v. Kearney*, 560 F.2d 1358, 1369 (9th Cir. 1977) (street value of narcotics relevant to demonstrate defendant's knowledge).

The testimony of the United States' expert regarding the quantity and value of the controlled drugs seized is circumstantial evidence of defendant's knowledge and his need to protect himself and his valuable drugs with firearms.  Thus, the Court should admit the testimony.

E.  <u>DEA Chemist</u>

The United States intends to call a forensic chemist from the Drug Enforcement Administration to testify that the substances seized from Defendant are methamphetamine and heroin, scheduled controlled substance.  The United States anticipates that the forensic chemist will testify that the chemist performed various tests on the substance seized from Defendant, and that these test all indicated that the substances are methamphetamine and heroin.  This expert will base this opinion on the chemist's background, education and experience, along with the chemist's knowledge and use of accepted scientific methods of testing.  This testimony bears directly on an element of the charged offense that methamphetamine and heroin are prohibited drugs.

**4.     Should Defendant Testify, Admit Prior Convictions under Rule 609**

Federal Rule of Evidence 609(a)(1) provides that evidence that an accused has been convicted of a crime "shall be admitted, subject to Rule 403, if the crime was punishable by . . . imprisonment in excess of one year . . . and . . . if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused."

If Defendant chooses to testify, the United States will move to admit his prior felony convictions, as his credibility will be a central issue in the case.

The Ninth Circuit has identified five factors that the district court should balance in making the determination required by Rule 609. *United States v. Browne*, 829 F.2d 760, 762-63 (9th Cir. 1987). Specifically, the Court should consider 1) the impeachment value of the prior crime; 2) the point in time of the conviction and the witness' subsequent history; 3) the similarity between the past crime and the charged crime; 4) the importance of the defendant's testimony; and 5) the centrality of the defendant's credibility. *Id*. at 762 63. *See also United States v. Hursh, 217 F.3d 761* (9th Cir. 2000).

Here, the *Browne* factors weigh in favor of admitting Defendant's felony convictions to attack his credibility. First, the impeachment value of Defendant's prior convictions is high, as the noticed felony convictions involve serious crimes. Second, one of Defendant's felony convictions occurred recently, between 2012, for which he was released within the ten-year period under Rule 609(b). Third, the importance of Defendant's testimony is crucial in a case such as this. For example, Defendant may contend that another person was responsible for the drugs and firearms. Because such a challenge could only be developed through Defendant's own testimony, his credibility in asserting such a challenge would be central to the case.

Furthermore, whatever risk of prejudice that may exist would not substantially outweigh the probative value of this evidence and can be adequately addressed by sanitizing the felony conviction and providing the jury with a limiting instruction. Accordingly, the United States should be allowed to introduce evidence of Defendant's prior felony convictions under Fed. R. Evid. 609(a) if Defendant elects to testify at trial.

**5.   United States' Motion for Reciprocal Discovery**

As of the date of the preparation of these motions, the defense has not produced any reciprocal discovery. The United States requests that the defense comply with Rule 16(b) of the Federal Rules of Criminal Procedure, as well as Rule 26.2 which requires the production of prior statements of all witnesses, except for those of the defendant.

## IV
## CONCLUSION

For the above-stated reasons, the United States respectfully requests that its Motions *in Limine* be granted.

DATED: December 29, 2023          Respectfully submitted,

TARA K. MCGRATH
United States Attorney


/s/*David P. Finn*
David P. Finn
Assistant United States Attorney