JOHN LANAHAN
California Bar No. 133091
501 West Broadway, Suite 1510
San Diego, CA 92101-3526
Telephone: (619) 237-5498
E-mail: lawnahan@sbcglobal.net

*Attorney for Defendant Jose Angel Serrano*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HON. JANIS L. SAMMARTINO)**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Crim. No. 21-1590-JLS |
| Plaintiff, | Date: 22 November 2024 |
| v. | Time: 9:00 AM |
| JOSE ANGEL SERRANO, | DEFENDANT'S SENTENCING MEMORANDUM |
| Defendant. | |

TO: TARA K. McGRATH, UNITED STATES ATTORNEY,
    MICHAEL G. WHEAT, ASSISTANT UNITED STATES ATTORNEY, and
    PAIGE VAN CAMPEN, UNITED STATES PROBATION OFFICER

Jose Angel Serrano, the defendant in this case, by and through his counsel, John Lanahan, files the following Sentencing Memorandum pursuant to Local Criminal Rule 32(a)(6).

//
//
//
//
//

## I. INTRODUCTION

Mr. Serrano has previously filed objections to the pre-sentence report (PSR) in which he objected to the base level of thirty two, which was contrary to the amount and type of drugs (104 grams of methamphetamine) agreed to between the parties [20PSR ¶ 95]. He also objected to the finding by the PSR that he is a Career Offender, based upon his prior conviction in 1999 in case number KA044495-01 in Pomona for Manufacture and Production of Methamphetamine, in violation of CA Health and Safety Code § 11379.6(a); and Possession of Ephedrine with the Intent to Manufacture Methamphetamine, in violation of CA Health and Safety Code § 11383(c)(1) [11PSR ¶ 36]. The basis for the objection is that those prior convictions no longer scored because Mr. Serrano was released from custody and his parole of those offenses terminated in 2005, more than fifteen years prior to the oinstant offenses, based upon a subsequent conviction, also in Pomona, in case number KA071374-01, for Possession of a Firearm, in violation of CA Penal Code § 12021(a)(1), for which he was sentenced to two years in prison on October 26, 2005 [12PSR ¶37]. The Addendum to the PSR has responded that Mr. Serrano is Career Offender, because the records of the California Department of Corrections and Rehabilitation (CDCR) record show that parole term case number KA044495-01 did not expire until July 25, 2008, when Mr. Serrano was paroled in case number KA071374-01 [PSR Addendum, page 2].

A closer look at the two cases listed in the PSR shows that on December 27, 2003, Mr. Serrano was paroled in case number KA044495-01. He was returned to custody on August 2, 2005, in response to the arrest on June 29, 2005 that resulted in charges being filed on that date in case number KA071374-01 [PSR ¶¶ 36, 37]. He was sentenced to two years in prison in case number KA071137-01on October 26, 2005. Then, according to the PSR, he was paroled on August 1, 2006 case number

KA044405-01, while still serving the two year sentence in case number KA071374-01 because he as not paroled on that offense until July 22, 2007. While still serving the prison sentence in case number KA071374-01, he was paroled on August 1, 2006, and returned to custody on November 21, 2006 in case number KA-044495-01 [PSR ¶¶ 36, 37].

One cannot be on parole and prison at the same time. Instead, his parole in case number KA044495-01 terminated when the sentence was imposed in case number KA071374-01 on October 26, 2005. Parole supervision began again on July 22, 2007, when he was released from prison in case number KA-71374-01. He served no prison time related case number KA044495-01 after his release from prison on December 27, 2003, and the convictions related to that case does not score under USSG § 4A1.2(e)(1). Mr. Serrano is therefore not a Career Offender under USSG § 4B1.1(a), because he does not have two prior convictions that score under USSG § 4A1.2(e)(1) for either a crime of violence or drug trafficking. His base offense level is therefore thirty. With the adjustments agreed to between the parties (+2 for firearm, -3 for acceptance), the adjusted offense level is twenty-nine.

Mr. Serrano does, however, withdraw his objection to the scoring his most recent conviction in case number SCS319906, filed in Chula Vista, for which he was sentenced to four consecutive eight year prison for a total of thirty two years on prison. That conviction and sentence was affirmed by the California Court of Appeal for the Fourth Appellate District, Division One, on May 17, 2024, in case number. That conviction is therefore final as the date of this sentencing and therefore should score, resulting in a criminal history score of nine, placing hin in Criminal History Category IV, resulting in a guideline range of 121 to 151 months.

//

//

**II. Request the sentence in this case be served concurrently with the thirty two year prison sentence imposed in case number SCS319906 by the Superior Court.**

The only material difference between the sentence recommended by the parties is whether the ten year minimum sentence mandated by statute should be served concurrently or consecutively with the thirty two year prison sentence already imposed in case number SCS319906 by the Superior Court. The state sentence is the aggregate of four consecutive sentences of eight years for violent crimes as defined by California Penal Code § 667.5. Because these are violent crimes, Mr. Serrano's good time while in state prison cannot exceed 15%, pursuant to California Penal Code § 2933.1. He will accrue good time as the same rate against both his federal and state sentences.

The sentence he received for his state offenses, however, dwarfs the sentence in this one. Thirty two years converts to 384 months. Adding another 120 months on top of that results in a total sentence 504 months (forty four years) of which Mr. Serrano would served 37.4 years with good time. He is currently fifty-one years old, so consecutive sentences would mean he would be released 88 years old. Longevity has been increasing, but such a sentence means he would almost certainly die in prison.

**III. Factors under section 3553(a):**

**A. Nature of the offense**

The convictions in this case is serious, but at least one of them, for possession of a firearm by a felon as charged in court four, is unconstitutional in light of the Ninth Circuit's recent decision in *United States v. Duarte*, 101 F.4th 657 (9th Cir. 2023). Whether the guideline range is 100 to 125 months, or 121 to 151, making the sentence in this case consecutive to the state sentence is an effective life sentence.

**B. History and Characteristics of the Defendant**

As noted at 21 PSR ¶ 103, Mr. Serrano has a history of viable employment as

a construction worker and carpenter, but was unemployed in the months leading up to this offense as a result of the COVID-19 pandemic [18PSR ¶67]. The PSR recommends a substantial variance down to ten years in prison from the what it finds are Career Offender Guidelines of 300 to 327 months [19 PSR § 786]. A concurrent sentence of ten years to a sentence of 384 months is consistent with that recommendation.

### C. Avoidance of not getting credit for federal time already served.

Because these two sentences are from different jurisdictions, there is also a potential issue of whether the 1305 days Mr. Serrano has served in federal custody would be credited against a federal sentence that is consecutive to the thirty two year sentence already imposed in state court. Mr. Serrano was in state custody over night prior to his arrest on April 28, 2021 on federal charges. Imposing a ten year consecutive prison sentence may result in (1) the time he has already served in federal custody being credited when he starts serving his federal sentence decades in the future or (2) worse, having been held for a total of eight and a half years, then released to state prison to serve another thirty two years, none of that prior time is credited against his state term because he was not in state custody, after which he is transferred back to federal prison to serve his consecutive federal prison term. Whether this is a likely scenario is uncertain, but it is foreseeable. Imposing a concurrent federal term would avoid that issue because the federal prison term would already have been served.

//
//
//
//
//

## V. CONCLUSION

For the reasons set forth in his objections to the PSR and this Sentencing Memorandum, Jose Angel Serrano that he be sentenced to ten years in prison to be served concurrently with the thirty-two year prison term imposed in case number SCS319906 in the Superior Court.

Respectfully submitted,

Dated: November 18 2024

s/ *John Lanahan*
JOHN LANAHAN
*Attorney for Jose Angel Serrano*

c:\myfiles\jol\sentence\federal\serrano.j.mem